IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
UNITED STATES OF AMERICA,      )
                               )
            Plaintiff,         )       8:09CR48
                               )
     v.                        )
                               )
ISIDRO DUARTE-ANDRADE,         )       MEMORANDUM OPINION
                               )
            Defendant.         )
_____)
```

This matter is before the Court on defendant's motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody (Filing No. 140), seeking a correction of his sentence. The Court has reviewed defendant's motion and finds it is unnecessary for the government to file a response.

The motion will be denied for several reasons. First, the defendant entered into a plea agreement with the government (Filing No. 82) dated April 23, 2009. Paragraph 13 of that plea agreement provides in part:

> The Defendant further knowingly and expressly waives any and all rights to contest the Defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255. except:
>
>    (a) The right to timely challenge Defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the

>>charge to which Defendant is agreeing to plead guilty fails to state a crime.
>
>>(b) The right to seek post conviction relief based on ineffective assistance of counsel, or prosecutorial misconduct, if the grounds for such claim could not be known by the Defendant at the time the Defendant enters the guilty plea contemplated by this plea agreement.

Neither of these exceptions apply. Accordingly, the defendant has waived his right to file this § 2255. The Court has also reviewed defendant's specific objections. His first objection is that he did not receive full credit for acceptance of responsibility as provided in § 3E1.1 of the guidelines. The Court has reviewed the file in this matter and notes that in calculating defendant's offense level, he was given the full three-level reduction for acceptance of responsibility. Accordingly, that ground has no merit.

With respect to his claim under § 5K1.1 of the sentencing guidelines, the Court notes that an adjustment pursuant to this section of the guidelines requires that a motion be filed by the government, stating that the defendant has met the five conditions in the guidelines to support a downward adjustment of his sentence. No such motion was filed.

With respect to § 3B1.2 of the sentencing guidelines, the plea agreement provides in Paragraph 6(b): "The parties agree

that the defendant is not subject to either upward or downward adjustment in offense level for role in the offense pursuant to USSG §§ 3B1.1 and 3B1.2."

The sentence in this case represents the mandatory minimum sentence established by Congress as the defendant agreed that he should be held responsible beyond a reasonable doubt for more than 500 grams but less than 2 kilograms of cocaine.

For all of the foregoing reasons, defendant's motion will be denied. A separate order will be entered in accordance with this memorandum opinion.

DATED this 25th day of January, 2010.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court